CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.* ROAD IMPROVEMENT DISTRICT No. 1 OF PRAIRIE COUNTY.

## Opinion delivered February 17, 1919.

1. HIGHWAYS—REVIEW—ASSESSMENT.—On appeal from the county court to review an assessment made by an improvement district, the only question involved is the correctness of the assessment.

2. SAME—REVIEW OF ASSESSMENT—SCOPE AND EXTENT.—On appeal from the circuit court on the question of the amount of benefits assessed by an improvement district, the Supreme Court will merely determine whether the evidence is legally sufficient to sustain the lower court's findings.

3. SAME—REVIEW OF ASSESSMENT.—On appeal in a proceeding under Acts 1913, p. 864, by an improvement district to assess benefits from the improvement of a highway, evidence held to be legally sufficient to sustain the findings of the trial court.

Appeal from Prairie Circuit Court, Northern District; *Thomas C. Trimble,* Judge; affirmed.

*Thos. S. Buzbee* and *George B. Pugh,* for appellant; *J. G. Gamble,* of counsel.

The court erred in refusing the requests of appellant for findings of facts and declarations of law and the assessments are excessive and unreasonable and a burden on interstate commerce. Railroad property should be assessed on an acreage basis and the same amount per acre as other lands in the district equally distant from the road. The future increase in business as the country develops is not a direct benefit and cannot be considered. Acts 1914, No. 212, § § 4 and 14-18; Acts 1913, No. 212; 118 Ark. 119-124; 232 Fed. 579; 113 *Id.* 493.

*Charles A. Walls,* for appellee.

The testimony sustains the judgment below. The assessments are not discriminatory nor excessive. Acts 1917, No. 212; Acts 1917, § 12. The railroads were materially benefited. The assessments were made by men familiar with values in the locality; they were high-toned,

honorable men.    No injustice was done the railroads.
The assessment is not taking property without due proc-
ess of law.    The Legislature had ample authority to au-
thorize the assessments on railroads as well as other
property in the district and such assessments have often
been upheld.    92 Ark. 93; 112 *Id*. 101.    Railroads are not
assessed on an acreage basis, but by the Railroad Tax
Commission on a mileage basis and certified to the county
clerks.    Due notice and hearings were given to all land-
holders in the county court and on appeal.    These judg-
ments are conclusive that the assessments were just and
reasonable.    130 Ark. 410.    Railroads are subject to
assessment.    97 Ark. 303; 103 *Id*. 135; 92 *Id*. 93; 112 *Id*.
101.    The judgments are conclusive unless reversed on
appeal.    117 Ark. 30; 81 *Id*. 75; 84 *Id*. 262; 91 *Id*. 36; 90
*Id*. 417; 94 *Id*. 417; *Ib*. 217; 110 *Id*. 135; 189 U. S. 629;
4 Dillon Mun. C., par. 1365 m.; 96 U. S. 97.    The 14th
amendment does not require that assessments be made
according to benefits.    96 U. S. 97; 191 U. S. 310; 164 *Id*.
112; 154 *Id*. 629; 168 *Id*. 611; Page & Jones on Tax. 927,
933, 934 and 1003; 167 U. S. 548.    See also 205 U. S. 135.

Appellant has not been denied the equal protection
of the laws.    7 Cyc. 158; 8 *Id*. 1950-1962; 84 Ky. 156; 197
U. S. 430; 239 *Id*. 204; 97 U. S. 466; 125 *Id*. 345.

These local assessment laws are not unconstitutional.
128 U. S. 578; 181 *Id*. 324; 181 *Id*. 394; *Ib*. 399; 187 *Id*.
540; 195 *Id*. 351; 166 *Id*. 226, 257-8; 147 *Id*. 190.

The assessment is fair and equal and made accord-
ing to law and is sustained by the law and evidence.    84
Ark. 262; 68 *Id*. 276; 71 *Id*. 17; 47 Ga. 90; 66 Kan. 139;
72 Mich. 100; 96 Ark. 543; 81 *Id*. 80; 80 *Id*. 316; 255 Ill.
398.    The assessment was made upon the proper basis
and theory.    106 Ark. 151; 96 *Id*. 410; 113 *Id*. 493.    The
evidence sustains the findings.    73 *Id*. 187.    The assess-
ment of benefits is largely one of discretion, forecast and
estimate.    100 Ark. 366.    The opinion of honest, capable
men of good sound judgment should not be disturbed, es-
pecially when sustained by the county and circuit court

on appeal.  *Ib.* 134 N. Y. Sup. 883, does not apply, as the facts are not the same.  101 Minn. 496.  See also 89 Ark. 513; 50 *Id.* 116; 86 *Id.* 1.

McCULLOCH, C. J.  Appellee is a road improvement district organized under the provisions of a special statute applicable to Lonoke and Prairie Counties.  Acts 1913, p. 864.  The highway to be improved runs parallel with the line of railroad of appellant and through the incorporated towns of DeValls Bluff and Biscoe, which are located on appellant's railroad.  Appellant's railroad is included within the boundaries of the district and the benefits thereon have been assessed, together with the other real property in the district for the purpose of raising funds to pay for the construction of the improvement.

The statute provides for assessments of benefits to be made by assessors to be appointed by the county court, and that when the assessments are made by the board of assessors and filed in the county court, notice thereof must be given by publication, and that any owner of real property in the district may appear and be heard on the question of correctness of the assessments.  The statute also provides for appeals by aggrieved owners of real property from the judgment of the county court to the circuit court.  The statute seems to have been complied with in respect to the method of assessments and appellant appeared in the county court and made objections to the assessment of benefits on its property made by the board of assessors.  Appellant took an appeal to the circuit court from an adverse judgment of the county court approving the assessments of the board of assessors, and the cause was heard *de novo* in the circuit court and that court rendered a judgment approving the assessment of benefits made by the assessors.

The original assessment was made in the year 1914, and there was a reassessment of all the property in the district in the year 1915 pursuant to the terms of the statute.  The reassessment of appellant's property was in excess of the original assessement, and since the latter

only applied to the installment payable in the year 1914, it is unnecessary to give it further consideration. The original assessment of appellant's property was $50,000 estimated value of benefits and the reassessment fixed the value of the benefits at $58,850.

The prosecution of the appeal to the county court, and thence to the circuit court could only raise the question of correctness of assessments of benefits, and we confine ourselves to a consideration of that issue without looking to the statute to determine whether any other objections can be made to the proceedings. *Mo. Pac. Rd. Co.* v. *Conway County Bridge Dist.,* 134 Ark. 292, 204 S. W. 630.

We have decided that this class of cases, that is to say where there is an appeal under the statute from a trial in the circuit court on the question of amount of benefits assessed in an improvement district, falls within the rule that this court on appeal will be bound by the findings of the trial court where the evidence is legally sufficient to sustain the findings. *St. Louis & San Francisco Rd. Co.* v. *Ft. Smith & Van Buren Bridge Dist.,* 113 Ark. 493; *Mo. Pac. Rd. Co.* v. *Conway County Bridge Dist., supra.* In other words, we will not undertake to settle the weight or preponderance of the evidence, but will merely inquire whether or not the evidence is legally sufficient to sustain the findings of the trial court.

With the inquiry thus narrowed, it is not difficult to discover evidence in this case which is legally sufficient to sustain the findings of the trial court. The case was heard in the circuit court on oral testimony embracing that of all of the members of each of the boards of assessors, and numerous other witnesses, including skilled engineers employed both by the railroad company and the improvement district. There is a sharp conflict in the testimony as to the amount of benefits which will probably accrue to the railroad property from the construction of the improvement, but as before stated we are not concerned with that controversy further than to determine

whether or not the trial court had testimony of a substantial nature to sustain its findings.

Learned counsel for appellant assail the testimony of the assessors on the alleged ground that they gave reasons which show that they proceeded arbitrarily and upon an erroneous basis in determining the amount of benefits to accrue to the railroad property. We do not agree with counsel, however, that the testimony of any of those witnesses shows that they proceeded arbitrarily. On the contrary, the testimony tends to show that there was an earnest effort made to reach a correct conclusion as to what would be a fair estimate of the benefits to the railroad property. We may not be able to approve all of the reasons stated by the witnesses as forming their bases for arriving at the estimates of benefits, but it is not essential that we should do so in order to reach the conclusion that the circuit court had legally sufficient evidence before it to sustain its findings on the question of the correctness of the assessments. Any estimate of the value of benefits, like a determination of the market value of property, is largely a matter of opinion, and often witnesses reach correct conclusions, and their testimony is entitled to substantial weight even though they may entertain some erroneous impressions as to the elements which go to make up values. We understand from the testimony of these witnesses that their guiding purpose was to determine the value of benefits to accrue to the railroad property, and that they considered various elements in arriving at a conclusion on that question. In the first place, they say that they took into consideration the value of the property without the improvement, and it appears that they accepted the valuation made by the assessing agencies for State and county purposes, although that is not altogether clear from the record. It appears further that the assessors took into consideration the particular use to which the property is now devoted and the probable enhancement of values by reason of the additional business to accrue to the railroad company in the use of the property. None of these elements were controlling, but were

merely taken into consideration by the board of assessors in arriving at the value of the anticipated benefits.

We are unable to say even that the conclusion of the assessors was incorrect, much less to say that it was arbitrary and unfounded in reason. As an evidence that the assessors did not proceed on an arbitrary basis, the fact is pointed out that the percentage of assessments on the railroad property was much lower than on other character of property in the district. For instance, it is shown that the assessments of benefits on rural property was 44 per centum of the assessed value for State and county taxation purposes and the assessments on the urban property was approximately 33 per centum of the assessed valuation for State and county taxation, whilst the assessments of benefits on the railroad property was only 20 per centum of the assessed valuation for State and county purposes. This is not at all controlling in the inquiry as to whether or not the assessment was reasonable, but it is certainly entitled to much consideration in passing on the question of legal sufficiency of the evidence to sustain the findings of the circuit court.

Since the evidence is found to be legally sufficient, it follows that the judgment must be affirmed, and it is so ordered.