Kansas City Southern Railway Company *v.* Road Improvement District No. 6, Little River County.

Opinion delivered July 14, 1919.

1. Road districts—objection to assessments—appeal—validity of the organization.—Where a road improvement district is organized under Act 338, Acts of 1915, on an appeal by a property owner from the assessment of benefits the property owner may not attack the validity of the organization of the district, and on such appeal the inquiry is confined to the ascertainment of the correctness of the assessment of benefits.

2. Appeal and error—sufficiency of the evidence—appeal—assessment of benefits in road district.—On appeal from the circuit court, where the issue involved is the correctness of the assessment of benefits, the judgment of the circuit court will not be disturbed if the evidence is legally sufficient to sustain the findings.

3. Improvement districts—assessment of benefits in excess of cost of the improvement.—The assessment of benefits in an improvement district will not be invalidated because the same exceed the cost of the improvement; this court will not say as a matter of law that benefits from the construction of a given improvement will not accrue to real property in excess of the cost of such improvement.

4. Improvement districts—cost—assessment of benefits—amount to be collected.—The law does not limit the assessment of benefits, but there can not be a collection of funds in excess of the total cost of the improvement, including the interest on money borrowed and all other expenses of the proceedings.

Appeal from Little River Circuit Court; *James S. Steel,* Judge; affirmed.

*James B. McDonough,* for appellant.

1. The original petition did not contain a majority either in land value, acreage or number of land owners

in the district.  Acts 1915, 403; 128 Ark. 298; 124 *Id.* 234; 118 *Id.* 119; 126 *Id.* 318.

2.  The roads to be constructed and improved were not public roads.  Act No. 338, Acts 1915; 89 Ark. 53; 118 *Id.* 119-125.

3.  The change in boundaries made the district invalid.  104 Ark. 298; 116 *Id.* 167.

4.  The boundaries as described in the petition are different from those in the notice required by law.  113 Ark. 566; 115 *Id.* 163.

5.  Publication of the notice was not given as required by law.  113 Ark. 566; 130 *Id.* 75.

6.  The undisputed evidence shows that the district is organized for the purpose of enabling the county to build a road.  118 Ark. 119; 89 *Id.* 513.  The jurisdiction of the county court cannot be taken away and the county cannot build roads under the name of improvement districts.  118 Ark. 294; 125 *Id.* 325; 92 *Id.* 93.

7.  No proper map was attached to the original petition.  Acts 1915, § 1, p. 1403.

8.  The assessments are excessive and hence illegal and void.  There is assessed against appellants for each mile $6,170.  127 Ark. 310.

9.  The only benefit, if any, to appellants is such benefit as would accrue to the value of the land used as a right-of-way.  64 Ark. 555; 118 *Id.* 303; 129 *Id.* 542.

10.  The railroad property of appellants under the evidence will not be enhanced in value and hence not especially benefited.  107 Ark. 285; 89 *Id.* 513; 125 *Id.* 422; 127 *Id.* 310.

11.  The assessment of benefits is unreasonable, arbitrary, unjust and unlawful; contrary to section 1 of the 14th Amendment of the United States Constitution and contrary to our Constitution of this State, art. 16, § 5; 48 Ark. 370; 239 U. S. 478; *Ib.* 215; *Ib.* 254; 240 *Id.* 55; 245 Fed. 377; 164 U. S. 112.  See also 109 Ark. 90; 255 Ill. 398; 105 N. E. 699; 175 Pac. 37; 248 *Id.* 377.

*A. D. Dulaney* and *John J. Dulaney,* for appellee.

1.   The notice was legally published and none of the appellants appeared to object to the formation of the district.   They were silent when it was their duty to speak and they had their opportunity.   Act 338, § § 3-13.

2.   The district was validly organized.   Act 338, Acts 1915.

3.   The court correctly sustained the demurrer.   106 Ark. 328; 235 U. S. 350; 102 Ark. 558; 83 *Id.* 236.   All facts essential to the jurisdiction of the county court existed and every necessary step in the establishment of the district was taken.   The validity of the district could not be raised in the hearing on the assessment of benefits.   134 Ark. 292; 209 S. W. 725, 728.   The case of 127 Ark. 310 does not control this case.   See 124 Ark. 263; 92 *Id.* 141.

4.   Appellants' remedy was by certiorari instead of appeal.   124 Ark. 237.

5.   The record shows all proceedings necessary to create a valid district were taken.   72 Ark. 101.   The roads are public roads and proper legal notice was given. Acts 1917, No. 105.   The record affirmatively shows that our laws were strictly complied with and that the county court exercised its constitutional and statutory jurisdiction.   Act No. 338, § 20.   The proper map was filed.   *Ib.,* § 1 (a).

6.   The assessments are not excessive but reasonable and valid.   134 Ark. 34; 125 *Id.* 422.   A question not raised below will not be considered on appeal.   75 *Id.* 312.   The judgment of the lower court is presumed correct until the contrary is shown.   75 *Id.* 427; 80 *Id.* 249; 125 *Id.* 428; 126 *Id.* 590.

7.   The benefits assessed are not arbitrary and inequitable, as shown by the record.   The railroad property was assessed on a mileage basis as directed by the act.   134 Ark. 299; 209 S. W. 726.

8.   Appellants' property is subject to assessment for the highway improvement and would be benefited by

the reason of the construction of said improvement. 209 S. W. 730; 131 Ark. 497; 134 *Id.* 299; 113 *Id.* 196.

9. As to "due process of law," see 119 Ark. 26; 114 U. S. 606; 111 *Id.* 701.

McCULLOCH, C. J. Pursuant to the terms of Act No. 338 of the legislative session of 1915, the county court of Little River County, by order entered on May 14, 1918, on petition of property owners, created an improvement district in that county designated as "Road Improvement District No. 6 of Little River County," for the purpose of constructing a road running northward from Ashdown, the county site, about eleven or twelve miles. There was no appeal from said order of the county court creating the district. The road to be improved runs parallel with the line of railroad of the Kansas City Southern Railway Company and 9.7 miles of the railroad right-of-way is included in the district, as well as station property, and after the assessment of benefits was made by the board of assessors and a certificate thereof filed with the clerk of the county court pursuant to section 13 of the aforesaid statute, the date for hearing on the assessments before the county court was set for August 23, 1918, and appellant appeared in the county court for the first time and made objections to the assessment against the railroad property. The county court overruled the objections to the assessment and appellant prosecuted an appeal to the circuit court. In addition to the objections to the fairness and correctness of the assessment, appellant filed a written plea attacking the validity of the organization of the district on various grounds, viz., that the original petition for the improvement filed in the county court did not contain the signatures of a majority of the property owners; that the petition specified certain tracts of land to be embraced in the district which were omitted by the order of the county court; that the road to be improved was not a public road; that the description of the boundaries of the district set forth in the original petition were

vague and uncertain, and that the notice of the hearing on the petition was not published as provided by law. There were several other objections to the validity of the order, which it is unnecessary to set forth. The plea also attacked the fairness and uniformity of the assessments.

The circuit court sustained a demurrer to those paragraphs of appellant's plea attacking the validity of the statute and the proceedings creating the district and confined the hearing entirely to the question of the correctness of the assessments. Testimony was introduced by both parties on that issue, and judgment was entered by the circuit court approving the assessments as made by the board of assessors and approved by the county court.

The first contention is that the court erred in sustaining the demurrer to appellant's plea attacking the validity of the district. Counsel for appellant relies on the decision of the court in the case of *Lee Wilson Company* v. *Road Improvement District No.* 1, 127 Ark. 310, where, on appeal from the assessment of benefits in a road improvement district formed under this same statute, we said: ''Appellants made no attack upon the organization of the appellee district in the court below. But as the organization of the district was essential to any valid local assessments and levies, the question as to whether there was such organization was one of jurisdiction which appellants have the right to raise at any time.''

Counsel for appellee rely on the decision of this court in *Missouri Pacific Railroad Company* v. *Conway County Bridge District*, 134 Ark. 292, where, under a special statute creating an improvement district and authorizing an appeal by property owners from the assessment of benefits, the court held that on such an appeal a property owner could not attack the validity of the statute creating the district, and that the inquiry on such appeal was confined to the ascertainment of the correctness of assessment of benefits, the property owners being left to other remedies in attacking the validity of the organi-

zation of the district.   The latter case was followed and
the same rule applied in the case of *Chicago, Rock Island
& Pacific Railway Co.* v. *Road Improvement District No.
1 of Prairie County, Arkansas,* 137 Ark. 587, 209 S. W.
725. In that case the improvement district was created
under a special statute (Acts 1913, p. 864) authorizing
the creation of road improvement districts in Lonoke and
Prairie Counties.   That statute was similar to Act No.
338 of the session of 1915 except that it applied only to
the two counties mentioned.

It is contended by counsel for appellant that those
cases are reconcilable with each other and that appel-
lant's right to attack the validity of the order creating
the district is sustained under the decision in *Lee Wilson
& Co.* v. *Road Improvement District No. 1, supra,* without
conflicting with the decisions in the later cases which
arose under special statutes.   It is true, as before stated,
that the two last mentioned cases arose under special stat-
utes and that in the first of those cases the statute itself
created the improvement district, but in the last case the
district was created by an order of the county court and
in that respect is almost, if not entirely, identical with
the facts in the case of *Lee Wilson & Co.* v. *Road Im-
provement District No. 1, supra.*

We are of the opinion that the cases are apparently
in conflict and that, while the questions arose under dif-
ferent statutes, the principles which control are the
same.   In the last two cases we proceeded upon the
theory that after the creation of the district there was
conferred merely the privilege to appear before the board
of assessors and the county court for the sole purpose of
testing the correctness of the assessment of benefits and
that the circuit court on appeal derived only such powers
as the board of assessors and the county court has.   Sec-
tion 3 of Act No. 338, *supra,* provides that an order of
the county court establishing a road improvement dis-
trict "shall have the force and effect of a judgment and
shall be deemed conclusive, final and binding upon all
territory embraced in said district, and shall not be sub-

ject to collateral attack, but only to direct attack on appeal," and that any property owner "may appeal from said judgment within thirty days by filing an affidavit for appeal, stating in said affidavit the special matter on which said appeal is taken." And in section 13 of the same statute, providing for notice of the filing of assessments and the appearance of property owners to contest the same, the proceedings are expressly limited to "the purpose of having any errors adjusted, or any wrongful or grievous assessment corrected." Section 14 provides for an appeal by a property owner from an order of the county court approving or readjusting the assessments.

(1) These features of the statute place it in the same category with a special statute creating an improvement district and makes the same principle applicable as is announced by the last two cited cases of this court. These features of the statute were not called to our attention in the case of *Lee Wilson & Company* v. *Road Improvement District No.* 1, *supra,* and were not discussed in the opinion. The brief statement of the law in that case declared a correct principle that in all legal proceedings the question of jurisdiction may be raised at any stage, even on appeal to this court, but we failed to take cognizance of the principle that the right to raise the question of jurisdiction at any stage is limited to the same proceeding, and not to a separate proceeding. Under the statute now under consideration the organization of the district and the proceedings for the assessment of benefits and adjustment of the same are entirely different proceedings. While the abstract principle of law was correctly announced in the case of *Lee Wilson Co.* v. *Road Improvement District No.* 1, *supra,* it was not applicable in that case, and after declaring it we determined that there was nothing in the record, as disclosed on appeal, to show the want of jurisdiction and we declined to disturb the proceedings on that ground. The case was reversed on the sole ground of the obvious unfairness of the assessments. After further consideration of the whole matter we reach the con-

clusion now that the principle announced in the two last cases (*Missouri Pacific Railroad Co.* v. *Conway County Bridge District, supra; Chicago, Rock Island & Pacific Railway Co.* v. *Road Improvement District No.* 1 *of Prairie County,* 137 Ark. 587, 209 S. W. 725, *supra*) is the correct one and is applicable to the present case, and so much of the language of the opinion in *Lee Wilson Co.* v. *Road Improvement District No.* 1, *supra,* as is in conflict with this view is disapproved.

(2)   This leaves only for consideration the question of correctness and fairness of assessments. In cases of this character, where the appeal is from a judgment of the circuit court, we apply the rule that the judgment will not be disturbed if the evidence is legally sufficient to sustain the findings. *St. Louis & San Francisco Rd. Co.* v. *Fort Smith & Van Buren Bridge District,* 113 Ark. 493; *Missouri Pacific Rd. Co.* v. *Conway County Bridge District, supra; Chicago, Rock Island & Pacific Ry. Co.* v. *Road Improvement District No.* 1 *of Prairie County,* . *supra.*

This case was heard on oral evidence adduced by both parties to the controversy and the testimony is conflicting. That adduced by appellee tends to show that the assessments were fair and uniform. It would serve no useful purpose to discuss the testimony in detail, for we find it to be legally sufficient to sustain the judgment of the circuit court.

(3-4)   One of the principal points of attack is that the assessment of benefits exceeds the cost of the improvement and that the assessment is erroneous on that account. We cannot say as a matter of law that benefits from the construction of a given improvement will not accrue to real property in excess of the cost of such improvement. The law does not thus limit the assessment of benefits, but there cannot be a collection of funds in excess of the total cost of the improvement, including, of course, the interest on money borrowed, and all other expenses of the proceedings. Property owners cannot be compelled to contribute funds for any other purposes

than those contemplated by the organization of the district and funds in excess of the amount necessary for those purposes cannot be collected, but the question of estimate of benefits in the beginning is a different one, and they are not necessarily limited to the actual amount of money to be raised. Benefits are first appraised and then taxes levied based upon those benefits to raise funds to carry out the purposes of the organization.

It is contended that the evidence shows that the benefits were not assessed uniformly, in that private property was not assessed in the same proportion as railroad property. The testimony of the assessors shows that they considered all of the elements which entered into the question of benefits or enhancement of values, and we cannot say that appellant has been discriminated against in the assessment of its property, or that the fairness of the assessments, as a whole, is not sustained by legally sufficient testimony.

The judgment is, therefore, affirmed.

HART, J., (dissenting). The proposed district contains 23,585 acres of land not including the right-of-way of the railroad company. The proposed highway is for the most part close to the right-of-way of the railroad and parallel to it. The highway is about eleven miles long and 9.7 miles of the right-of-way of the railroad is included in the district. The cost of the road is estimated at $112,077.74. The benefits assessed against the property of the railway company are $7,000 per mile, making a total assessment of benefits against the property of the railroad company of $67,900. It is not shown that the proposed road will be of any advantage in draining the roadbed of the railroad company.

Judge Wood and the writer are of the opinion that the assessment of benefits against the railroad company is greater than the actual benefits to the property of the company. The statute provides that the county court shall hear and determine the justness of any assessments

of benefits and that it is authorized to equalize, lower, or raise any assessment upon a proper showing to the court.

Therefore, Judge WOOD and the writer are of the opinion that the assessments of benefits against the property of the railroad company are greater than the actual benefits and should have been lowered and that the judgment of the circuit court was erroneous in not doing this.

WOOD, J., concurs.