Missouri Pacific Railroad Company *v.* Izard County Highway Improvement District No. 1.

Opinion delivered April 5, 1920.

1. Removal of causes—objection to highway assessment.—The objection of an owner to an assessment of a highway improvement district, being heard before the county court, is not removable to the United States District Court, under Judicial Code, section 28 (U. S. Comp. Stat., § 1010); such hearing not being a judicial proceeding within that statute.

2. Highways—nature of assessments.—An assessment for building a highway, while not a tax in the ordinary sense, is a function of the State's sovereign power more nearly akin to that of taxation than any other; the power being purely legislative, not judicial.

3.  HIGHWAYS—HEARING OF OBJECTIONS TO ASSESSMENTS.—Upon the trial of objections to a road improvement assessment, the circuit court on appeal properly refused to make certain declarations of law; the only issue before the court being the correctness of the assessment of the commissioners.

4.  HIGHWAYS—CONCLUSIVENESS OF ASSESSMENT.—On appeal from an order of the county court approving the assessment made by highway commissioners under Road Laws, 1919, volume 2, page 2643, the finding of the trial court affirming the county court's judgment will be affirmed where it does not appear that the commissioners adopted an illegal or erroneous basis or standard of value in arriving at the benefits to appellant's land.

Appeal from Izard Circuit Court; *J. B. Baker,* Judge; affirmed.

*Troy Pace and Samp. Jennings,* for appellant.

1.  The cause of action was removable to the Federal Court. It was a suit at law and removable under the Federal Code. Kirby's Digest, § 1513; 38 Ark. 150; 196 U. S. 239; 169 *Id.* 517; 232 Fed. 708; 154 U. S. 363. The term "suit" is a very comprehensive one, and applies to any proceeding in a court of justice which the law affords. 2 Peters 449; 141 Fed. 578; 241 *Id.* 194. Proceedings for the assessment of taxes are removable. 254 Fed. 244; 198 *Id.* 253. Benefit assessments are not taxes in the legislative sense of the word, and the general rules applicable to assessment for general taxes do not apply. 86 Ark. 114; 69 *Id.* 68. The proceedings in the county court were before a judicial court and was a suit at law and removable.

2.  The railroad company is a defendant within the Federal statute. 204 U. S. 570. Proceedings similar to this one in the county court have been held to be judicial proceedings. 134 Ark. 292. The special act provides for appeals to the county court and thence to the circuit court. Kirby's Digest, §§ 1487-1492. And there tried as actions or suits at law. 204 U. S. 570. The right of removal to Federal courts can not be abridged or limited by the State. 232 U. S. 318. The railroad was the defendant in the lawsuit. 204 U. S. 570; 258 Fed. 408.

3. The court erred in its declarations of law. Special Act No. 674, Acts 1919, vol. 2, p. 3643, § 8; 86 Ark. 8-19; 64 Ark. 560; 118 *Id.* 303; 129 *Id.* 546-8; 50 *Id.* 129; 239 U. S. 478. There must be benefits or there can be no assessment, and the assessment must not exceed the benefits or probable increase in value by reason of the improvement. 130 Ark. 418, 213 S. W. 750. There must be special and peculiar benefits to the property assessed. 98 Ark. 549. While railroad property is subject to assessment for local improvements, still the inquiry is as to the enhancement in value of the benefits to be derived from the improvement. 209 S. W. 728-730. The circuit court ignored the above principles of law when it refused declarations of law, Nos. 1 and 4, asked by the railroad company; also in refusing Nos. 2 and 3, 230 U. S. 352; also in refusing Nos. 5 and 6. 86 Ark. 19. The cause should have been tried as a suit at law and not as a suit in equity. Kirby's Digest, §§ 1487, 1492.

4. The decision of the circuit court conflicts with the Interstate Commerce clause of the Federal Constitution and statutes. 230 U. S. 350; chap. 92 of 37 Stat. U. S. 701; Comp. Stat., § 8591; 1 Interstate Com. Rep., p. 19; 230 U. S. 352. The proceedings here were administrative and *ex parte* until the commissioners filed their assessment with the clerk of the county court and summoned the railroad company, and it then became a suit at law, and the case was removable and triable in circuit court according to well defined rules of law as requested in the declarations refused.

*John L. Bledsoe* and *Elbert Godwin*, for appellee.

1. Act No. 674, Acts 1919, page 2643, was strictly complied with. Independent of this act, the county court had no jurisdiction, as it is not a court of general jurisdiction but only limited, and its sole duty was to hear complaints against the assessments, to equalize and adjust same.

2. The case was not removable to the Federal court, as it was not a suit at law or in equity within section 28

of the Federal Code, and appellant was plaintiff and not a defendant. 135 U. S. 467; 34 Cyc. 1227; 76 Fed. 390; 72 *Id*. 570. See also 30 Fed. 849 and 13 Fed. 193; 114 *Id*. 783; 80 *Id*. 949; 31 *Id*. 395; 34 La. Ann. 728; 34 Cyc. 1226; 120 U. S. 450; 136 *Id*. 586; 115 *Id*. 487; 34 Cyc. 1226.

This was not a "suit" at all. Cases *spra*. 4 Neb. 254; 124 U. S. 197; 94 Fed. 227; 64 Fed. 897.

3. Appellant is the party plaintiff, and the case is not removable. 64 Fed. 897. It is a mere statutory administrative proceeding for the assessment of benefits and not a *suit* removable to the Federal Court.

4. The decision of the circuit court is not in conflict with the Interstate Commerce Act or Constitution of the United States.

5. There was no error in refusing the declarations of law asked. 209 S. W. 726; § 7 of act 674, *supra;* 255 Ill. 398; 109 S. W. 531; 204 S. W. 630; 121 Ark. 105.

6. The evidence sustains the findings of the court that the assessments are equitable and just. 204 S. W. 630; Acts 1919, p. 2649, § 7; 209 S. W. 725; *K. C. So. Ry.* v. *Road Imp., etc.,* 139 Ark. 424.

Wood, J. Appellee is a road improvement district created by Special Act 674 of the General Assembly of 1919, volume 2 (Road), p. 2643. After prescribing the boundaries of the district, and naming the commissioners, the act, *inter alia,* provides that the commissioners "shall proceed to assess the lands within the district," embracing not merely the lands but all railroads, etc," on the real estate that will be benefited by the improving of the roads. The commissioners are required "to assess the value of the benefits to each tract according to the improvements and to enter in a book such assessment opposite the description, together with an estimate of the probable cost to the land owner. The assessment is to be filed with the county clerk of Izard County, and the secretary of the board shall thereupon give notice of the filing by publication for two weeks in a newspaper having a *bona fide* circulation in the county. The form

of the notice is prescribed, and it specifies that "all persons wishing to be heard on said assessment will be heard by the county court of Izard County on a certain day named in the notice. It is made the duty of the county court to meet on that day and to hear all complaints, and to equalize and adjust the same, and its determination is final, unless an appeal is taken and perfected within thirty days. The county court at the time the assessment of benefits is filed, or at any subsequent time, shall enter upon its records an order, which shall have all the force of a judgment, providing that there shall be assessed upon the real property of the district a tax sufficient to pay the estimated cost of the improvement. The taxes so assessed are a lien upon all the property in the district.

The commissioners in this case filed their assessments with the county clerk as provided in the act, and gave notice by publication as provided in the act. On the day set for hearing before the county court appellant appeared, and, before any action whatever was taken in the matter by the county court, filed its petition and bond in the usual form to remove said cause to the United States District Court. The county court approved the bond and also the petition as to form, but refused to remove the cause to the Federal court for the reason that it was not such a cause as was removable. The appellant excepted to the ruling of the county court. The county court approved the assessment of the commissioners, and the appellant appealed to the circuit court. In the circuit court at the close of the testimony the appellant asked the court to make certain declarations of law which the court declined to do, and to which ruling appellant excepted.

The circuit court heard the cause and found the facts to be that the commissioners of said road district had made reasonable assessments of all the real estate situated in said district and of the benefits accruing to the same by reason of the construction of the proposed road; that the real property of the Missouri Pacific Railroad Company situated within the incorporate limits of the

town of Calico Rock would be benefited by the construction of said road as much or more than the property of any private land owner, and all the real estate within said town would be benefited 30 per cent. of its valuation as found by the board of commissioners, that all other real estate within the second mile or zone would be benefited 27½ per cent., and that in the third mile or zone would be benefited 25 per cent., and that under their assessment of benefits against said railroad company's real property the commissioners of said district had only made an assessment of 20 per cent. of the valuation of said real property as found by the commissioners; that the assessment against said property would only equal 30 per cent. in the first zone, 20 per cent. in the second zone, and 10 per cent. in the third zone, and that said assessment of benefits would not be excessive or unequal to the other assessments made by the commissioners of the other property of the district; that the assessment of benefits made by the commissioners for defendant district relative to the real property of the plaintiff within said district is fair, equitable, just and according to law in every particular.

The court thereupon overruled the exceptions that had been filed by the appellant to the assessment of benefits made by the commissioners and entered a final order approving the assessment and affirming the order of the county court to that effect. The appellant excepted to the rulings of the court and duly prosecutes this appeal.

Section 28 of the Federal Code, as amended, provides: "In any suit of a civil nature at law or in equity at which the District Courts of the United States are given jurisdiction by this title and which are now pending or which may hereafter be brought in any State court, may be removed into the District Court of the United States for the proper district by the defendant or defendants therein being nonresidents of that State."

Appellant contends that under the above section the cause should have been removed to the Federal court. This contention can not be sustained for the reason that

assessments for local improvements by the Legislature or its duly appointed agents—the commissioners and the county courts—are not in any sense judicial proceedings within the jurisdiction of the county court, when exercising the strictly judicial functions conferred upon it by the Constitution. The assessment for local improvements is not a tax in the ordinary sense of that term as used in the Constitution and in statutes generally. *Cribbs* v. *Benedict*, 64 Ark. 555-62; *Paving District of Fort Smith* v. *Sisters of Mercy,* 86 Ark. 109. Nevertheless, assessment for local improvements is a function of the State's sovereign power more nearly akin to that of taxation than any other and is referable to that power. *Ahern* v. *Board of Imp. Dist. No. 3 of Texarkana,* 69 Ark. 68-75; *Carson* v. *St. Francis Levee Dist.,* 59 Ark. 513-31. The power is purely legislative, not judicial.

The idea is well expressed by the Federal district judge *In re City of Chicago,* 64 Fed. 897-99, where he says: "The power of taxation is legislative, not judicial. Its exercise is not a judicial act in any ordinary sense 'and it can not be exercised otherwise than under the authority of the Legislature.' The assessment of benefits is governed by the same rule, and is entirely legislative, both as to power and exercise. Some agency must be employed for the apportionment. It may be left to the judgment of assessors or other officers to fix upon view, or be fixed by a definite standard prescribed by the Legislature, as to frontage and location. The district within which the tax shall be laid may be left to the judgment of the agency employed for assessment, or may be fixed by the Legislature; and, where there is a delegation to the agency, it possesses the legislative power for the purpose, and its act is legislative."

The above case is well reasoned and is a comprehensive review of the authorities on the subject, including the decisions of the Supreme Court of the United States.

It will be observed that the power conferred by our statute upon the county court is not to determine whether there should be any assessment, but to equalize and ad-

just the assessment that has been made by the commissioners. There is nothing in the nature of an adversary proceeding, *inter partes,* in the assessment made by the commissioners and equalized and adjusted by the county court under the authority of the statute. The duties which this statute devolves upon the county court, as already stated, are administrative and not judicial, although the line of demarcation is very close.

The Supreme Court of the United States in *Upshur County* v. *Rich,* 135 U. S. 467-70, passing upon a statute of West Virginia, which, in essential particulars for the purpose of this discussion, is similar to our statute, says: "But is an appeal from an assessment of property for taxation a suit within the meaning of the law? In ordinary cases it certainly is not. By the laws of all or most of the States, taxpayers are allowed to appeal from the assessment of their property by the assessor to some tribunal constituted for that purpose, sometimes called a board of commissioners of appeal; sometimes one thing and sometimes another. But whatever called, it is not usually a court, nor is the proceeding a suit between parties; it is a matter of administration, and the duties of the tribunal are administrative, and not judicial in the ordinary sense of that term, though often embraced in the Removal Act."

The jurisdiction of the county court under the Constitution of West Virginia, when the above decision was rendered, was substantially the same as that conferred upon the county court under our Constitution, so far as roads and the internal affairs of the county are involved. We conclude, therefore, that the assessment of the commissioners and the proceedings thereafter in the county court were in no sense a suit in law or equity within the purview of the Federal Code, *supra.*

The appellant asked the trial court to make certain declarations of law, which the court refused and to which appellant excepted. Appellant insists that the court erred in refusing to declare the law as requested. But it follows, from what we have already said, that the

trial court was not called upon to make declarations of law. The only issue before the county court, and the circuit court on appeal, was whether or not the commissioners had made a correct assessment of the benefits. *C., R. I. & P. Ry. Co. v. Rd. Imp. Dist. No. 1 of Prairie County,* 137 Ark. 587. If not, then it was the duty of these courts, first of the county court, then the circuit court, on appeal, to equalize and adjust such assessment after hearing the evidence relating to same. See *Kirst v. Street Imp. Dist. No.* 120, 86 Ark. 1-19.

In performing the functions conferred upon them, to be sure, it was the duty of these courts to be guided by the well settled principles of law applicable to such cases; and if they ignored these, their judgments were erroneous, and the cause should be remanded for a rehearing, and a correction of the judgment.

In *Mo. Pac. Ry. Co. v. Imp. Dist.,* 137 Ark. 569-573, we said: "An estimate of benefits resulting from a local improvement to a given piece of property is largely a matter of opinion, and generally there is a wide difference of opinion upon such questions. Under these circumstances a great amount of deference is due to the judgment of the board of assessors who are constituted as a special tribunal for the purpose of determining that question, and the court reviewing the proceedings of the assessors should not substitute the judgment of the judges for that of the assessors unless the evidence clearly shows that the assessments are erroneous."

In *C., R. I. & P. Ry. Co. v. Road Imp. Dist. No. 1, Prairie County, supra,* we said: "We have decided that this class of cases, that is to say, where there is an appeal under the statute from a trial in the circuit court on the question of the amount of benefits assessed in an improvement district, falls within the rule that this court on appeal will be bound by the findings of the trial court where the evidence is legally sufficient to sustain the findings." *St. L. & S. F. Ry. Co. v. Fort Smith & Van Buren Bridge Dist.,* 113 Ark. 493; *Mo. Pac. Ry. Co. v. Conway County Bridge Dist.,* 134 Ark. 292.

Since the above case was decided, to the same effect see *Patterson* v. *Road Imp. Dist. No. 3 of Northern Dist. Woodruff County, ante* p. 44; *Kansas City So. Ry. Co.* v. *Road Imp. Dist. No. 6 of Little River County,* 139 Ark. 424; *Wilkinson* v. *St. Francis Road Imp. Dist. No.* 1, 141 Ark. 164.

Applying the doctrine of the above cases to the facts of this record, we are convinced that the testimony is legally sufficient to sustain the findings of the circuit court. Giving the testimony its strongest probative value in favor of the appellee, it tended to prove that the commissioners as a board, a number of times canvassed the assessment of benefits. They were thoroughly familiar with the lands in the district. Two of the commissioners testified. Their testimony is voluminous, and it could serve no useful purpose to set it forth in detail. They were permitted, without objection, to state that the assessment of benefits against the real property of appellant in the district as compared with the other real property was "fair, just and equitable," and they gave in detail their reasons for the conclusion at which they arrived. These reasons do not show that they adopted an illegal and erroneous basis or standard of value in arriving at the amount of benefits to the lands of appellant as compared with the other lands in the district. *Branson* v. *Bush,* 251 U. S. 182. Therefore, we find no error in the judgment of the circuit court.

Affirmed.