PAYNE *v.* ROAD IMPROVEMENT DISTRICT NO. 1 OF HOWARD

COUNTY.

Opinion delivered July 11, 1921.

1. APPEAL AND ERROR—CONCLUSIVENESS OF FINDINGS OF TRIAL COURT.— Findings of fact of a trial court on conflicting testimony will not be disturbed.

2. HIGHWAYS—ROAD IMPROVEMENT DISTRICTS—LEGISLATIVE DETERMINATION OF BENEFIT.—The fact that the county court found that certain lands would receive no benefit from a road improvement did not preclude the Legislature from determining to the contrary, and such legislative determination will not be disturbed by the court except for demonstrable mistakes.

3. HIGHWAYS—ROAD IMPROVEMENT DISTRICT—ZONAL ASSESSMENT—REVIEW.—Though a board of assessors adopted the zonal system of assessment, and the court found that such system was fair and just as a proportionate assessment of benefits, this did not deprive the court of the power to examine individual assessments to determine whether they should be assessed in the same proportion as other lands in the same zone.

Appeal from Howard Circuit Court; *James S. Steel,* Judge; reversed in part.

*W. C. Rodgers,* for appellant.

By the judgment of the county court it was adjudged that none of the lands described in certain sections would be benefited. This order was entered by consent. This judgment is conclusive of the matters there settled.

107 Ark. 41; 76 Ark. 423. The Legislature could not validate the acts of a board of assessors fixing assessments where there are no benefits. 119 Ark. 198.

The special finding that these lands are not benefited is in an irreconcilable conflict with the finding that they are liable. The special finding of fact should prevail. 40 Ark. 298, 327; 50 Ark. 91; Kirby's Digest § 6209. The statute also applies to the findings of a judge. 84 Ark. 362.

*J. M. Jackson* and *H. P. Epperson,* for appellees.

The county court had no legal authority to exempt a part of the lands included in the district from taxation. It might have eliminated such lands from the district if they were not benefited. Crawford & Moses' Digest §5401. The court at the time it made the order exempting these lands had no question before it except the matters set forth in §5401, *Id.* The act of 1919, No. 105, cured all defects, and failed to provide that these lands should not be assessed. The entire benefits as reassessed are not before the court, but only the benefits as reassessed against the lands of these plaintiffs. The question here is whether the burden is equitably distributed, rather than whether each tract is benefited. No fairer scheme of assessment could have been devised than the one followed by the assessors in making this reassessment. The tracts involved herein are benefited, and the benefits as reassessed should be permitted to stand.

McCulloch, C. J. Appellants are owners of separate tracts of land within the boundaries of Road Improvement District No. 1 of Howard County, and they appeared in the county court and made objections to the assessment of benefits on said lands. There are two of the cases in which a protest was filed, and in each case the county court found that none of the lands of appellants would be benefited by the construction of the improvement and annulled the assessment of benefits thereon. The commissioners of the district prosecuted an appeal to the circuit court in each case, and in that

court the two cases were consolidated and tried as one. The consolidated cases were heard on the pleadings and oral testimony, and a judgment was rendered, from which each side has prosecuted an appeal to this court.

It is contended in the first place that the appeal to this court prosecuted by the commissioners of the district is unavailing for the reason that no motion for a new trial was presented to the court in apt time and overruled. Since the transcript was lodged here by the appellants, there has been an additional record brought here of proceedings of the trial court on an adjourned day of the same term at which the original judgment was entered, amending the record so as to show that a motion for a new trial was filed and overruled and time given for filing a bill of exceptions. Appellants invoke an application of the rule established by the authorities that after an appeal has been granted a trial court has no jurisdiction to take further proceedings in a cause. This rule can not be applied so as to deny the trial court's jurisdiction to consider the application for a new trial of a party other than the appellant. The statute fixes the time within which motions for new trial may be presented and considered by trial courts, and it is within the discretion of trial courts to extend the time to a date within that term of court. Where both parties to litigation are aggrieved by the judgment, each has a right to prosecute an appeal and take necessary steps leading up to it within the time prescribed by the statute and the order of the court, and one party can not deprive the other of any of his rights by a hasty appeal.

The motion for new trial in this case was filed by permission of the trial court during the term at which judgment was rendered, and therefore, on the overruling of the motion, the commissioners of the district had the right to prosecute an appeal to this court, notwithstanding the fact that appellants had theretofore completed their appeal by lodging a transcript in this court. We are of the opinion, therefore, that both appeals are prop-

erly before this court with bills of exceptions which constitute a complete history of the trial below.

This improvement district was originally created by an order of the county court of Howard County, entered on October 7, 1918, pursuant to the general statutes of the State authorizing the creation of road improvement districts. Crawford & Moses' Digest, § 5399 *et seq.* The lands within the district were properly described in the order of the county court and in the petition therefor, but the order contained the following recital in regard to certain lands described in the petition:

"It being hereby agreed by the parties owning lands hereafter described, their attorneys and the attorneys for said road improvement district, because of the topographical location of the said lands, no benefits are to be assessed against the said property for the road improvement district, towit: The south half of sections 8, 9, and 10, and all of sections 14, 15, 16, 17 and 18, all in township 8 south, range 28 west."

The General Assembly at the regular session of 1919 enacted a statute, approved February 22, 1919 (Vol. 1, Road Acts, page 201), curing all irregularities and errors in the organization of Road Improvement District No. 1 of Howard County, and re-establishing the district, describing the lands therein, including the lands specially referred to in the order of the county court quoted above. This statute provides that the district is established as a road improvement district under the general statutes "with all the powers granted and all the limitations imposed by the terms of said act, except as herein otherwise provided." Section 3 of the special statute expressly confirms the assessment of benefits theretofore made by the assessors. Section 4 provides how the assessments shall be paid in installments, with interest on the deferred payments.

At the extraordinary session of the General Assembly in February, 1920, a special statute was enacted ap-

plicable to this district (Act No. 285) expressly declaring that the assessment of benefits heretofore made by the board of assessors is equitably distributed in said district, "but inadequate in amount, and that all lands within said district will be benefited by the improvement now under way to the extent of double the amount of the present assessments." This statute declares that the county clerk of Howard County shall be authorized to double the assessments "now standing against said lands", and that the assessments thus doubled shall "be made and authorized according to the provisions of" the general statutes of the State. The assessments thus doubled by the special statute referred to were, on a hearing by the county court, disapproved, and no appeal was taken from that order. Notwithstanding this order of the county court, the clerk extended the taxes on the books, pursuant to act No. 285, but the collection was restrained by a decree of the chancery court rendered in a suit instituted for that purpose by owners of property attacking the validity of the assessments. There was no appeal from that decree, and thereafter the commissioners ordered a new assessment, which was duly made by the board of assessors and reported to the county court. This is the assessment against which the protests of appellants were filed in the county court when the assessments came up for that court's approval or disapproval.

The board of assessors adopted what is known as the zone system by dividing the district into zones according to the distance of the lands from the road to be constructed and levying the assessments proportionately according to zones. All of the lands of appellants are in the fourth zone, and the assessors appraised the benefits at ten per centum of the assessed value of the lands. There were protests made by the owners of property in other zones, but there has been no appeal prosecuted from the order with respect to those lands.

On the hearing of the cases in the circuit court, that court decided that the lands excluded from the assess-

ments by the original order of the county court creating the district can not be assessed now for the reason that the order of the county court was conclusive, and that the Legislature could not thereafter authorize the taxation of those lands for the construction of the improvement. The court made a finding that the lands of appellants situated in the fourth zone "should be assessed five per cent. of their assessed value, instead of ten per cent. as fixed by the assessors," and that "the assessment of benefits against the other lands mentioned in the complaint should not be disturbed because the district has already incurred large liabilities, and for this reason alone." There is no appeal by the parties interested in the last finding, and so we have no concern with that. This is the substance of the judgment as recited by the court in the corrected entry made on May 17, 1921. The judgment as originally entered contained a general finding by the court that there were no benefits to the lands in the fourth zone, but the judgment entry subsequently entered corrected the judgment so as to strike out the recital of such finding.

Appellants complain of that part of the judgment which appraises the benefits at five per cent. of the assessed value of their lands; and, on the other hand, the commissioners appeal from that part of the judgment which exempts from taxation the lands referred to in the original order of the county court, and from that part of the judgment which reduces the assessment on appellants' lands from ten per cent. of the assessed valuation to five per cent. of the assessed valuation.

The court heard the issues, as before stated, on oral testimony, and there was a conflict in the testimony. Each of the appellants testified concerning his own tract of land in the fourth zone, and the testimony tended to show that there was no benefit to be derived from the road, or a smaller amount of benefits than those assessed by the board. The assessors and commissioners were introduced as witnesses, and their testimony tended to

show that the adoption of the zone system was, under the circumstances, a fair and proportionate assessment of benefits.    There was, in other words, a conflict in the testimony, and there was sufficient testimony to justify the finding of the court that the lands of appellants were benefited to the extent of the amount found by the board of assessors.    We have adopted and adhere to the rule in proceedings of this character  that the findings of a trial court on conflicting testimony will not be disturbed.    *St. Louis & S. F. Ry. Co.* v. *Fort Smith & Van Buren Bridge Dist.,* 113 Ark. 493.    There was certainly enough testimony to warrant the finding of which the appellants complain, and under the settled practice in this court the finding will not be disturbed.    It follows that the judgment on the appeal of the appellants will be affirmed.

The trial court apparently made no finding as to the benefits to the lands originally excluded by the order of the county court and held that under that order there was no power under legislative authority to assess them. In this the court erred, for, notwithstanding the original exemption of the lands from the district, it was within the power of the Legislature to include them in the district as re-established and authorize the assessment of benefits.    The Legislature in the special statute did not undertake to determine the benefits, but left that to the findings of the board of assessors, subject to the approval or disapproval of the county court and the right to appeal as fixed by the general statutes with reference to road districts.    The fact that the county court upon the facts presented to it at that time found that the lands would not be benefited did not deprive the Legislature of the power to subsequently reach a different conclusion upon the facts presented to it in re-establishing the district.    The power of the Legislature over this subject is, as we have often said, supreme, and will not be disturbed by the court except for demonstrable mistakes in such determination.    This part of the judgment will, there-

fore, be reversed for further proceedings in passing upon the protests of the owners of the property against the assessments made by the board of assessors.

The commissioners have also appealed from that part of the court's finding and judgment reducing the assessment on the lands of appellants from ten per cent. to five per cent. This proceeding merely challenges the correctness of individual assessments of the parties who are protesting, and the effect of the court's ruling is that these particular tracts of lands will not be benefited ten per centum of the assessed valuation as found by the board of assessors, but will only be benefited five per centum of that valuation. The evidence was, as before stated, abundantly sufficient to show that the zone system as adopted by the board of commissioners was fair and just as a proportionate assessment of benefits, but the fact that the court approved the adoption of the zone system by the board of assessors does not deprive it of the power to examine individual assessments to determine whether or not they should be assessed in the same proportion as other lands in the same zone, for it is entirely consistent to say that it is fair to assess the lands by zones in accordance with the distance from the road, yet under the peculiar circumstances a given tract of land in a zone would not be benefited in the same proportion as other lands in that zone. Notwithstanding the zone system, it is always a question for determination by the court on the hearing of assessments to determine whether or not individual assessments should be absolutely controlled by the zone system. After all it is a question of fact in each case for determination by the court what is the proper proportionate assessment on a given tract of land. We must assume that the court found in this case that these particular tracts owned by appellant would not be benefited to the extent of the percentage adopted by the board of assessors, but would be benefited to the extent of five per centum of the assessed valuation. In other words, we conclude that there

was sufficient testimony to warrant the finding of the court, and, there being no inconsistency in the court's finding, it should not be disturbed. This portion of the judgment on the appeal of the commissioners will therefore be affirmed, but, as before stated, that part of the judgment which relates to the lands wholly excluded from the assessment will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

HART, J. (dissenting). The Road Improvement District was first established by the county court, and that court held that the lands in question were not benefited by the improvement of the road on account of their topographical location. No appeal was taken from the decision of the county court, and its judgment became final. Subsequently the Legislature attempted to provide for a reassessment of the land and to validate such additional reassessment. The county court acted within its jurisdiction, and after its judgment became final the Legislature had no right or power to set aside or impair the final judgment of a court of competent jurisdiction. The Legislature could not validate the assessment of benefits held void by the county court or authorize a new assessment after the county court had held that the assessment on the lands in question was invalid and its judgment had become final. To so hold is to give the Legislature power to reverse a final judgment of a court of competent jurisdiction. The rule is based upon the principle that the co-ordinate departments of government are independent and should be kept separate and distinct from each other.

In *Moser* v. *White,* 29 Mich. 59, the court held that the Legislature could not, by legalizing an invalid tax roll, set aside or impair a judgment against the collectors for trespass in attempting to collect the tax. Judge Campbell, speaking for the court, said: ''That act does, in terms, purport to heal all the defects which have been pointed out. But the plaintiff's judgment was obtained

before the justice before this act was passed. If regular when obtained, it could not be reversed. The Legislature has no authority to reverse judgments, directly or indirectly. The effect of the act must be so limited as not to interfere with an existing judgment, or it would be necessary to declare it void on principles too elementary to be discussed. The case had already been tried, and there was to be no further trial to determine the merits. The judgment had fixed the question of fact, and the only matter open in the circuit court was whether, in so doing, any legal error had been committed. To allow such a judgment vacated when there had been no error committed would be a plain invasion of a private right, and a usurpation of judicial powers which cannot be justified.'' After the judgment of the county court, holding in the first instance that the lands in question were not benefited by the improvement of the road, had become final, the fruits of the judgment became rights of property, and no longer in that same proceeding could the Legislature validate that which the court had held void or reassess lands, or provide for the reassessment of lands, which the court had held were not benefited by the improvement. The Legislature attempts to avoid the effect of the judgment of the county court, not by directly setting it aside, but by a direction to a board of assessors which, in its effect, must be of equivalent import. The line which separates judicial from legislative authority is clear and distinct, and the Legislature cannot set aside, directly or indirectly, a final judgment of a court of competent jurisdiction.

It is apparent that the zone system of assessing benefits in road improvement districts frequently leads to inequalities, and in the hill sections of the State, like the one in question, the zone system is for the most part arbitrary and discriminatory.

It is undoubtedly true that the assessment of benefits is a question of fact, and, like other questions of fact, the verdict of a jury or the finding of a circuit court

is binding on appeal where the conclusion is reached by giving credence to the witnesses on the one side or the other, however improbable or unreasonable we might believe the testimony to be. It is equally well settled, however, that this court will not allow the verdict or finding of the circuit court to stand where it is opposed to the physical facts, the well-known laws of nature or other matters of which the court takes judicial cognizance. Here the voice of nature speaks and will not be denied. The topography of the land may be learned from the maps. The hills and hollows, the ridges and ravines, the mountains and valleys, and the accompanying water courses do not vary or change except in rare instances, and for very unusual causes. In the hills, fertile fields and rocky and barren lands lie side by side. The heights of the ridges and mountains and the depths and width of the ravines and streams all constitute natural barriers which are not changed or overcome by the improvement of the roads. A farm which has an impassable ridge or ravine, or a stream difficult or impracticable to cross between it and a public road, is not rendered more accessible to the road by reason of the improvement of the road itself. We must not forget that the assessment of benefits proceeds upon peculiar benefits to the lands from the improvement, and not from the general good common to all the lands. The benefits must be peculiar to the lands assessed and must arise directly and immediately from the construction of the improvement, and must not proceed from some supposed or shadowy benefit to be derived in the dim and distant future.

It is true that the assessors in the case at bar testify that in their opinion the lands in question were benefited. But, when their testimony is weighed in the light of the uncontroverted evidence, showing the situation of the lands with respect to the road, and the natural barriers which render it impracticable for the lands to be served by the road, our common experience leads us to the con-

clusion that no special benefits will accrue to the lands in question from the improvement of the road.

JUDGE WOOD and myself therefore respectfully dissent.