PAYNE *v*. ROAD IMPROVEMENT DISTRICT No. 1.

Opinion delivered February 20, 1922.

1. APPEAL AND ERROR—REMAND OF CAUSE—AUTHORITY OF TRIAL COURT.—Where the Supreme Court, in a former appeal herein, ruled that the Legislature had power to include appellant's lands in a road district, and to authorize their assessment, notwithstanding they had previously been exempted by the county court organizing the district under the general laws, and the Supreme Court remanded the cause to the circuit court for further proceedings, that court in fixing the assessment had no authority to find that the lands were not benefited on account of the proposed improvement, and such finding must be treated as surplusage.

2. APPEAL AND ERROR—REMAND OF CAUSE.—Where the Legislature directed certain lands to be included within an improvement district, as benefited thereby, and at a subsequent session directed that the lands be excluded from the district, and the attention of the trial court does not seem to have been called to the later act, the cause will be remanded to the trial court to ascertain whether intervening rights accrued during the period wherein the lands were included within the district by the prior act.

Appeal from Howard Circuit Court; *A. P. Steel*, special Judge; affirmed.

*W. C. Rodgers*, for appellant.

A bill of exceptions and motion for new trial were unnecessary. 68 Ark. 180; 100 Ark. 515; 105 Ark. 1.

The Legislature cannot take from one the right of his day in court. Const. 1874, art. 2, sec. 13. The right of property is higher than any constitutional sanction, and private property cannot be taken, appropriated or damaged for public use, without just compensation. Const. 1874 art. 2, sec. 22.

Special assessments for local improvements find their only justification in the peculiar and special benefits which they bestow on the particular property assessed. 119 Ark. 188; 86 Ark. 1; 69 Ark. 68.

It is always presumed that the court's finding of fact is based on evidence, even in the absence of a bill of exceptions. 78 Ark. 198.

The district had no authority over the lands in question. Act 594, Special Acts 1921, p. 1169; 41 Ark. 421; 5 Wall. 531.

*Epperson & Jackson,* for appellee.

The contract was entered into and the bonds sold under the terms of act 285 of the extraordinary session of 1920, therefore special act 594 of the Acts of 1921 was a plain impairment of the obligations of the contract, and therefore void. *Western Randolph County Road Improvement District* v. *Clifford,* 150 Ark. 94.

HUMPHREYS, J. This is the second appeal in this case. One purpose of the first appeal was to test the question of whether the south half of sections 8, 9 and 10 and all of sections 14, 15, 16, 17 and 18, township 8 south, range 28 west, in the county of Howard, were subject to assessment for benefits in Road Improvement District No. 1, in Howard County, Arkansas. The trial court, in the first trial, held that it was not within the power of the Legislature to include said lands in the road improvement district and to authorize their assessment for benefits after they had been exempted by the county court organizing said district under the general laws of the State. This court ruled, on the former appeal, that in the reorganization of the district by legislative

enactment the Legislature had power to include the lands in the district and to authorize their assessment, notwithstanding the fact that they had been exempted by the county court organizing the district. This branch of the case was therefore remanded to the circuit court with directions to assess said lands according to the benefits to be received by them from said improvement. For a full statement of the case and ruling of this court on the former appeal see *Payne* v. *Road Improvement District No. 1,* 149 Ark. 491.

On remand of the case the circuit court made a finding that the amount of the assessments to be charged against appellants' lands was the only question for the circuit court to determine, as there had been a legislative determination that the lands were benefited. The court then found that five per cent. of the assessed valuation of the lands was a reasonable assessment of benefits to be derived from the improvements, and ordered and adjudged an assessment of benefits in that amount against the lands. The court also found that, according to the weight of the evidence, the lands were not benefited at all on account of the contemplated improvements. Appellants have prosecuted an appeal to this court from that judgment.

It is contended by appellants that the judgment does not pursue the findings of the court, and for that reason should be reversed. The judgment does conform to the finding of the court upon the issue determined by it. The cause was remanded upon the former appeal for the trial court to determine the amount of benefits to be derived by the lands on account of the contemplated improvements, the Legislature theretofore having determined that benefits did and would accrue to said lands on account of said improvements. The findings made by the court within the issues authorized the entry of the judgment. The findings without the issue were unauthorized by the mandate, and properly had no place in the case. They must therefore be treated as surplusage.

Act No. 594 of the General Assembly of 1921 has been called to the attention of this court for the first time in the progress of this case, so far as appears from the record before us.    This cause was brought to us without a bill of exceptions, and there is nothing in the record showing that the attention of the trial court was called to this statute. This statute excluded the lands in controversy from the district, and consequently exempted them from the assessment of benefits on account of improvements in the district, provided, of course, the act did not impair the obligations of contracts entered into during the interim between the inclusion and the exclusion of the lands in the district by legislative enactment.    This is an issue, according to the record, that was not presented to the court below, and will not be determined by this court on appeal.    This is a matter of assessment of benefits against the lands only, and appellants will not lose any rights to which they are entitled on account of their lands being exempted by act 594, Acts of the General Assembly of 1921, if no intervening rights accrued during the period their lands were included within the district by legislative enactment, as they can, in that event, interpose said act against the enforcement of the assessment.

No error appearing, the judgment is affirmed.

HART, J., (dissenting).  On former appeal I dissented on the ground that it was not within the power of the Legislature to set aside the judgment of the county court that the lands were not benefited, and to authorize the collection of assessments which a court of competent jurisdiction had declared to be illegal and void, and from which judgment no appeal had been taken.

The constitutional principle involved is that rights of property once vested, or liability or want of liability once established, by judicial decision, final between the parties, shall not afterwards be disturbed, or the controversy opened by mere legislative enactment. *Searcy*

v. *Turnpike Co.,* 79 Ind. 274; *Lancaster* v. *Barr,* 25 Wis. 560; *Taylor* v. *Place,* 4 R. I. 324, and *Richards* v. *Rote,* 68 Pa. St. 248.

In *Denny* v. *Matton,* 2 Allen (Mass.) 361, after saying that the right to try anew facts which have been determined by a judgment or decree, is a judicial and not a legislative function, BIGELOW, C. J., said: *"A fortiori,* an act of the Legislature cannot set aside or annul judgments or degrees. This is the highest exercise of judicial authority. Lord Coke calls judgment and execution the 'fruit of the law.' To vest in the Legislature the power to take them away, or to impair their effect on the rights of the parties, would be to deprive the judiciary of its most essential prerogative. It could then no longer finally adjudicate and determine the rights of litigants. The will of the Legislature would be submitted in the place of fixed rules and established principles, by which alone judicial tribunals can be governed. The power to correct errors and to revise and reverse judgments, which in the strictest sense of the word has always been essentially judicial, would be transferred to the Legislative branch of the government, even to the extent of controlling the final decrees of the tribunal of last resort. It is obvious that such an exercise of authority would lead to the entire destruction of the order and harmony of our system of government, and to a manifest infraction of one of its fundamental principles."

These and many other authorities, in my judgment, sustain the dissenting views expressed by Judge WOOD and myself on the former appeal. I call particular attention to the principle on this appeal, not for the purpose of emphasizing my dissent so much as for illustrative purposes. For instance, on the former appeal the court held that the legislative act which had the effect to restore the assessment on the land in question made by the board of assessors was a valid enactment, notwithstanding the final judgment of the county court holding it invalid. Now it may be that the Legislature of 1921 took the same

view of the facts as the county court had previously done, and thought that the lands in question would not be benefited by the improvement, and on that account passed act 594 excluding them from the district. Or the Legislature of 1921 may have adopted the view of the law expressed by the dissenting judges and have passed act 594 to cure the illegality of the legislative act of 1919. In any event, if the Legislature of 1919 had the power to put the lands back in the district and reassess them after the judgment of the county court taking them out, certainly the Legislature of 1921 could take them out again, if no vested rights had accrued in the meantime. So far as the record before us is concerned, the lands in question are not in the district, and, if they are not, the landowners should not be put to the expense of resisting an illegal assessment for errors and irregularities and then wait until a lien for the assessments was attempted to be asserted against their lands before they could raise the question that their lands had been taken out of the district by an act of the Legislature. If their lands are not in the district, the board of assessors had no right to assess them.