Kansas City Southern Railway Company *v.* Road Improvement District No. 3, Sevier County.

## Opinion delivered December 4, 1922.

1.  Highways—appeal from assessment of benefits.—On appeal from a trial at law concerning the correctness of assessment of benefits from a projected road improvement, the only question for determination is whether the evidence is legally sufficient to sustain the findings of the trial court.

2.  Highways—legislative confirmation of assessments.—It is within the power of the Legislature to ratify or confirm assessments of benefits from a road improvement during the pendency of litigation attacking same.

3.  Highways—legislative confirmation of assessments.—Where, pending an attack in court upon the validity of assessments of benefits to be derived from a road improvement, the Legislature by statute ratified and confirmed such assessments, such statute constituted a legislative determination as to the correctness of such assessments, which will not be overturned by the courts unless obviously erroneous.

4.  Highways—assessment of benefits—sufficiency of evidence.—Where a railroad company objected to assessments of benefits in a road improvement district, evidence *held* to support a finding of benefits by the circuit court.

Appeal from Sevier Circuit Court; *James S. Steel,* Judge; affirmed.

*James B. McDonough,* for appellants.

1.  The assessment was unreasonable, arbitrary and confiscatory, amounting to a deprivation of property without due process of law, contrary to § 1, Fourteenth Amendment. 139 Ark. 424; 89 Ark. 513; 50 Ark. 116; 64 Ark. 555; *Kansas City Southern Railway Company* v. *Road Improvement District No. 6,* 154 U. S. 439; 183 U. S. 79; 249 U. S. 274; 193 U. S. 490; 86 Ark. 1; 92 U. S. 579; 193 U. S. 490; 239 U. S. 478; 240 U. S. 55; 270 U. S. 269.

2.  An assessment based upon a theory of enhancement in value covering a period of years is illegal and void. The enhancement must be immediate. 21 Ark. 40; Page & Jones on Taxation by Assessment, § 652; 86 Ark. 1, 15.

3. The assessments are remote, contingent and speculative; therefore illegal and void. 36 Conn. 255.

4. Legislative approval of the assessments adds nothing to their validity. 119 Ark. 188; 32 Ark. 31; 83 Ark. 54; 86 Ark. 1.

*Hal L. Norwood, E. K. Edwards* and *B. E. Isbell,* for appellee.

The district was regularly organized under the statutes of the State, the constitutionality of which has been upheld by both this court and the Supreme Court of the United States. The ratification of the assessment of benefits by subsequent act of the Legislature cured any defects therein, and was valid. 147 Ark. 112. It cannot be said that an injustice was done by adopting the zone system, or by taking the valuation placed on the property by the taxing authorities for general purposes, as a basis for assessing benefits. 145 Ark. 382. Neither can the act of the Legislature in ratifying the assessment of benefits be held as arbitrary, capricious or confiscatory in violation of the Fourteenth Amendment. 251 U. S. 182. The act of the Legislature confirming the assessment is, of itself, due process of law. 64 Ark. 556. In assessing benefits to a railroad from building a hard surface road, the Legislature may consider the benefits resulting from the development of the territory. 145 Ark. 382; 154 U. S. 439; 251 U. S. 183. Prospective increase in traffic for twenty years to come gives the railroad property a direct and immediate increase in value. 107 Ark. 290; 100 Ark. 366. The courts can interfere with the legislative taxing power only where there is an arbitrary abuse of that power. 147 Ark. 116.

McCulloch, C. J. This is an appeal from the assessment of benefits of railroad property in a road improvement district formed under the general statutes of the State. Crawford & Moses' Digest, § 5399 *et seq.* Assessors were appointed, and the list of assessed benefits was filed with the county court, in accordance with the terms of the statute. Appellants appeared there and resisted the assessment on the ground that no

benefits would accrue to the railroad property from the construction of the improvement. There was an appeal to the circuit court, and a trial there *de novo.*

The property of appellants which is assessed is in the city of DeQueen, in Sevier County, and the road to be improved runs east of DeQueen to the boundary of the county. The railroad runs north and south, and the road to be improved runs east at right angles to the railroad.

The assessed property of appellants consists of two miles of main line of the railroad, which was assessed for general taxation purposes at $54,000, and the benefits were assessed at the sum of $7,000, or $3,500 per mile; also of nine and three-fourths miles of side-tracks, assessed for general taxation purposes at $29,250, and the benefits were assessed at $5,000; also depot buildings and other buildings, assessed for general taxation at $46,365, the benefits being assessed at $9,270, the total assessment being $21,270.

The district is shown to be about six miles wide, and the board of assessors and commissioners adopted what is termed the zone system, except as to railroad property, which was assessed at the actual benefits, according to the judgment of the assessors.

After the assessment list was filed with the county court, the General Assembly enacted a statute, approved February 7, 1920, at the extraordinary session, amending the statute in some particulars and expressly approving and confirming the assessments on file.

The contention of appellants is that the assessment of railroad property is arbitrary and unreasonable; and that no benefits at all will accrue to that property from the construction of the improvement.

It is settled by our former decisions that, on appeal from a trial at law concerning the correctness of assessments of benefits and as to the amount of benefits to accrue, the only question for our determination is whether the evidence is legally sufficient to sustain the findings of the trial court. *St. L. & S. F. Rd. Co.* v. *Fort Smith &*

*Van Buren Bridge District,* 113 Ark. 493; *C. R. I. & P. Ry. Co.* v. *Road Improvement District No. 1 of Prairie County,* 137 Ark. 587. There have been many other later decisions of this court to the same effect.

An affirmance of the judgment in this case might be rested entirely on the confirmation of the assessments by the statute cited above. There is no reason shown why the statute is not applicable, for we have decided that, even during the pendency of litigation, a statute may be enacted ratifying and confirming assessments. *Sudberry* v. *Graves,* 83 Ark. 344; *Tims* v. *Mack,* 147 Ark. 112; *Gibson* v. *Spikes,* 143 Ark. 270; *Burr* v. *Drainage District,* 145 Ark. 55; *Payne* v. *Road District,* 149 Ark. 491.

This statute constituted a legislative determination of the correctness of the assessments, and that decision will not be overturned unless found to be obviously and demonstrably erroneous. See cases *supra.*

In addition to this, it may be said that there is abundant evidence in this case to sustain the finding of the trial court. Many witnesses were introduced, including the assessors themselves, and there is a conflict in the testimony as to whether or not there will be real and substantial benefit accruing to the railroad property. The testimony introduced on behalf of the district is that there will be great benefit accruing to the railroad property from the construction of the improvement, as the improved road will be a feeder to the railroad and will considerably enhance its business by the development of the contiguous and outlying territory. It is not a case of a parallel road, but of one which runs out into territory which will afford access to the railroad property and augment its business. We have decided that, "in assessing the benefits to a railroad from building a hard-surfaced road, the Legislature may consider the benefit resulting from development of the territory." *Hines* v. *Road Improvement District,* 145 Ark. 382. The Supreme Court of the United States, in *Branson* v. *Bush,* 251 U. S. 182, made the same declaration. It was said in

that case that it is obvious that "anything that develops the territory which the railroad serves must necessarily be a benefit to it, and that no agency for such development equals that of good roads."

As before stated, we are not called on to determine where the preponderance of the evidence lies, and we have no difficulty in reaching the conclusion that there is testimony of a very substantial nature which supports the finding of the trial court. It is unnecessary to discuss the evidence in detail or to call attention to the various circumstances which tend to support the theory that the railroad property will be substantially benefited, and that the appraisal of benefits is not excessive.

The judgment is therefore affirmed.