BACON *v*. ROAD IMPROVEMENT DISTRICT No. 1.

Opinion delivered February 26, 1923.

1.  HIGHWAYS—DESCRIPTION OF LANDS IN IMPROVEMENT DISTRICT.— Where the Saline River formed the boundary between Howard and Sevier counties, description of lands in the order creating a road improvement district in Howard County and in a curative statute affecting it as lying "on the left bank of the Saline River" is to be construed as referring to that portion of the particular section which lies on the east side of that river which is in Howard County.

2.  CONSTITUTIONAL LAW—IMPAIRMENT OF OBLIGATION OF CONTRACT.— Special Acts 1921, No. 594, excluding from a road improvement district half of the lands originally embraced therein after bonds had been issued for the improvement, is unconstitutional both because it imposes upon the remaining lands the total cost of the improvement and because it impairs the obligation of the contract of the district with its creditors.

3.  HIGHWAYS—VALIDITY OF ESTABLISHMENT OF IMPROVEMENT DISTRICT. —Where a road improvement district was created under a general statute, the fact that a special statute attempted to dismember it, thereby impairing the obligation of its contracts, affords no ground for nullifying the district.

Appeal from Howard Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*W. C. Rodgers,* for appellants.

Since the answer to the cross-complaint traverses only the allegations to the effect that when the district issued its bonds no assessment of benefits had been made,

and that, when act 594, Acts 1921, was passed, the bonds of the district had been sold and contracts for the payment of money borrowed had been entered into by the district, all the other allegations of the cross-complaint must be taken as true. Crawford & Moses' Digest, § 1231; 56 Ark. 73, 79. The road district was not legally formed because the boundaries were not definitely fixed. The boundaries of such districts must be as accurately and definitely specified as is required for a valid deed. 71 Ark. 211; 106 Ark. 83; 143 Ark. 83; 144 Ark. 240, 244; 122 Ark. 491; 139 Ark. 574; 130 Ark. 70. The Legislature by the curative act, vol. 1, Road Acts 1919, p. 201, made no change in the description of the property of the district except to say it was in Howard County; but, if the district as organized by the county court was illegal and void, how could the curative act legalize and validate it? *House* v. *Road District No. 4,* 154 Ark. 218; 122 Ark. 491, 501, 126 Ark. 416, 418, 419. The formation of the district was invalid, because it called for all the property in the district, which necessarily includes personal property, and the curative act offends in the same way, in describing, in addition to the lands, all the property in the town of Dierks and all other towns in the district. 147 Ark. 181, 183. It is not sound to say that, because the bonds of the district had been sold and contracts for the payment of money borrowed had been entered into by the district, the special act No. 594 is therefore unconstitutional and void, since, if the proceedings of the district and its officers were void, and its officers without authority to enter into any contract at all, there is nothing for the Constitution to protect. 147 Ark. 252, 266; 40 Ark. 251; 111 U. S. 400; 142 Ark. 378. The law authorizing the expenditure of money or the levy of a tax for road purposes contemplates not only a legal and regular formation of the district but also a legal and regular assessment of benefits. 119 Ark. 188; 149 Ark. 476; 151 Ark. 398, 404. The decree rendered in June, 1920, in so far as it purported to hold the district regu-

larly formed, was erroneous, because the law which alone could give it life has not been complied with.  However, that adjudication is not binding upon persons who were not parties to it; and these interveners, any one of whom has a right to maintain this suit, were not parties to that litigation. 88 Ark. 355; 52 Ark. 541; 54 Ark. 645; 108 Ark. 306; 141 Ark. 288; 33 Ark. 704; 141 Ark. 140; 101 U. S. 160; Dillon, Municipal Corporations, § 919; 55 Wis. 161.

*Abe Collins, Epperson & Jackson,* and *Buzbee, Pugh & Harrison,* for appellees.

The validity of the district and the assessment of benefits made therein have been determined by judicial decision, and are no longer open to question.  The special statutes, Road Acts 1919, vol. 1, p. 201, and act 285, extraordinary session 1920, were before this court in the case of *Payne* v. *Road Improvement District,* 149 Ark. 491, and their validity sustained.  See also 152 Ark. 170. There is no merit in the contention that these appellants are not bound by the decree rendered in 1920 sustaining the regularity of the formation of the district, from which no appeal was taken.  That suit was brought by thirty-six taxpayers, under the rule that such taxpayers acted for the benefit of the other taxpayers in like situation.  The only question open for decision is the validity of the act No. 294, Acts 1921, which undertook to eliminate a large quantity of land from the district. This court, in 152 Ark. 170, declined to pass upon it for reasons there stated.  That act was invalid, being an impairment of the obligations of the contract between the district and the purchasers of the bonds, and as placing an undue burden on the lands remaining in the district. 130 Ark. 70; 139 Ark. 574; 145 Ark. 49; Constitution, U. S., art. 1, § 10; 150 Ark. 94.

McCULLOCH, C. J.  The road improvement district which is plaintiff in this action was originally created under the general statutes by an order of the county court on October 7, 1918, but there was a special statute enacted by the General Assembly of 1919, curing irregularities in the organization and establishing the district

as a valid road improvement district covering the territory embraced in the original order creating it. The assessments of benefits were completed, a contract was let for the construction of the road, and a great portion of the improvement was constructed—eleven miles of the seventeen-mile length of the proposed road. Bonds in the sum of $130,000 to raise money to pay for the cost of the improvement were also issued and sold subsequent to the enactment of the curative statute referred to above.

The present action was instituted by the board of commissioners against all delinquent owners of land in the district, including appellants, and an appeal has been prosecuted from the decree of the chancery court decreeing payment of the delinquent assessments and declaring a lien on the lands.

Appellants answered, and filed an answer and cross-complaint attacking the validity of the assessments and also the validity of the district itself.

So far as concerns the correctness and validity of the assessments, it is sufficient to say that the attack comes too late, since the assessments have been approved and have become final. There were attacks on the validity of the assessments by owners of property who protested against them in apt time, and the cases were brought to this court from the circuit court, where the questions were adjudicated on appeal from the county court. *Payne* v. *Road Imp. Dist.*, 149 Ark. 491, 152 Ark. 170. On the last appeal of the case we affirmed the judgment of the circuit court approving the assessments.

The validity of the district is assailed on the ground that the description of the lands embraced in the district were in many instances so vague that it is impossible to determine what lands were meant to be described, and that the district, for that reason, is void.

In the order of the county court creating the district, as well as in the special act of the Legislature curing irregularities and establishing the district, the lands were described by sections and subdivisions thereof, and some

of the descriptions specify certain sections "on the left bank of the Saline River"; the lands are described, of course, as being in Howard County. The Saline River forms the boundary between Howard and Sevier counties. These are the descriptions which counsel for appellants insist are insufficient. We are of the opinion, however, that the words of descriptions giving the number of the section and stating that they are on the "left bank of the Saline River" clearly refer to that portion of each section which lies on the east side of the river and is in Howard County. *Bush* v. *Delta Road Imp. Dist.*, 141 Ark. 247.

The General Assembly of 1921 enacted a special statute (act No. 594) excluding from the district about half of the lands originally embraced therein, and the lands thus eliminated from the district had been assessed more than half of the total benefits. It is contended now by counsel for appellants that the effect of this statute was to nullify the district altogether, for the reason that the Legislature had no power to impose the total cost of the improvement on the lands remaining in the district after the exclusion of others.

Counsel is correct in the contention that the Legislature had no right to thus enlarge the burden on the lands remaining in the district. This, however, affords no reasons for nullifying the district, but it does afford grounds for declaring the act void. The act is also void as an impairment of the obligation of a contract between the district and its creditors.

It is shown by stipulation that, subsequent to the enactment of the curative statute, the larger portion of the improvement was constructed and that bonds were issued in the sum of $130,000. In the last case which was before us involving the question of the asessments in this case (152 Ark. 170) our attention was called to the act of 1921, *supra,* but we declined to pass upon its validity for the reason that it was not shown that there had been any indebtedness incurred prior to the passage of the statute.

It needs no citation of authorities to support the view that a statute dismembering a district after obligations are incurred constitutes an attempt to impair the obligation of a contract, and is void; that falls within the inhibition of our Constitution which declares that no law shall ever be passed impairing the obligation of contracts. Constitution of 1874, art. II, sec. 17. The attacks upon the validity of the district are therefore unfounded.

Decree affirmed.