ROAD IMPROVEMENT DISTRICT No. 6 v. St. LOUIS-SAN FRANCISCO RAILROAD COMPANY.

Opinion delivered May 19, 1924.

1. HIGHWAYS—VALIDITY OF LEGISLATIVE ASSESSMENT OF BENEFITS.— The Legislature cannot make an assessment of benefits from road improvements that is arbitrary, unreasonable or confiscatory, and, if this showing is made, the courts will grant relief although the act making the assessment does not provide a forum in which the assessment can be attacked.

2. HIGHWAYS—LEGISLATIVE ASSESSMENTS—REVIEW.—Legislative assessments for road improvements are not reviewable for mere errors in judgment upon questions of fact in the decision of which different conclusions may be drawn.

3. HIGHWAYS—LEGISLATIVE ASSESSMENT—EFFECT OF PENDENCY OF APPEAL.—The power of the Legislature to confirm assessments of benefits against a railway company from a highway improvement which had been approved by the county court was not affected by the pendency of an appeal of the railway company to the circuit court.

4. HIGHWAYS—STATUTE CONFIRMING ASSESSMENT—CONSTRUCTION.— Special Acts 1921, p. 831, §§ 3, 5, confirming the assessment of

benefits of a certain road improvement district "now on file with the county clerk" *held* to validate an assessment of a railway company then on file which had been corrected by the county court to correct a demonstrable mistake in mileage assessed.

5. HIGHWAYS—LEGISLATIVE ASSESSMENT—SUFFICIENCY OF EVIDENCE TO INVALIDATE.—Evidence *held* insufficient to show that an assessment of benefits from a road improvement against a railway company was so demonstrably erroneous and arbitrary as to invalidate a legislative act confirming such assessment.

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman,* Judge; reversed.

*Lester L. Gibson, W. P. Smith,* and *G. M. Gibson,* for appellant.

The motion of the road improvement district to dismiss the appeal of the plaintiff should have been sustained. 239 U. S. 254; 239 U. S. 207; 251 U. S. 182. A legislative determination as to what lands within a local improvement district will be benefited by an improvement is conclusive upon the owner and courts, and can only be assailed where the legislative action is arbitrary, wholly unwarranted, a flagrant abuse, and, by reason of its arbitrary character, a confiscation of particular property. 125 U. S. 345; 239 U. S. 207; 239 U. S. 254. A legislative assessment must stand unless demonstrably wrong. 199 U. S. 203; 83 Ark. 60; 98 Ark. 116; 81 Ark. 562; 121 Ark. 105; 113 Ark. 364. The Legislature could, in the first place, have fixed the assessment, and therefore it had the right to do so at a later date, and the curative act validating the assessment was retroactive and amounted to a making of the assessment by the Legislature. 83 Ark. 344; 112 Ark. 357; 143 Ark. 270; 147 Ark. 112; 149 Ark. 491; 145 Ark. 51; 156 Ark. 116. The only remedy appellee has is in a court of equity. 239 U. S. 239; 181 U. S. 324; 181 U. S. 371.

*W. F. Evans* and *W. J. Orr,* for appellee.

The special act of 1921 is violative of the Fourteenth Amendment to the Federal Constitution. 275 Fed. 600. The Legislature cannot, by the enactment of a retrospective statute, exercise a power in its nature clearly judicial. 58 Ark. 1; 257 U. S. 547.

Smith, J.   The appellant road improvement district was organized in 1917 under what is known as the Alexander road law.   (Acts 1915, p. 1400).   Under provisions of that act the commissioners filed with the county clerk of Lawrence County the assessment of betterments, and the required notice thereof was given to the property owners.   Appellee railway company filed its objections and exceptions to the assessment made against its property, alleging, among other things, that the assessment of betterments was arbitrary, discriminatory and excessive, and that the proposed improvement would not, in fact, be of any value to it, and would result in no enhancement of the value of its property.

The property of the railway company was assessed on the mileage basis.   The main line was assessed at $2,500 per mile, and the sidetrack at $1,000 per mile. The railroad was assessed as having 2.46 miles of main line, and .93 miles of sidetrack, and the showing was made that this mileage was erroneous, and that the correct mileage was 2.19 miles of main line and .82 miles of sidetrack, and a reduction in mileage was made to conform to the admitted facts, but no change was made in the assessment per mile of either main line or sidetrack. The railway company, insisting that its assessment per mile was excessive, both on the main line and sidetrack, appealed to the circuit court.

In the meantime the General Assembly passed, at the 1921 session thereof, special act No. 398 (Special Acts 1921, page 828), § 5 of which reads as follows:   "It is hereby found and declared that the assessment of benefits heretofore made by the assessors and now on file with the county clerk are equitable and just, and they are hereby confirmed and made the assessment of benefits in the district until a new assessment may be made as provided by law."

The appeal remained on the docket of the circuit court until October 19, 1923, at which time the court overruled a motion to dismiss the appeal, and, after hearing

testimony, made a very substantial reduction in the assessment per mile of the betterments, against both the main line and the sidetrack, and the district has appealed.

Among other grounds assigned for the dismissal of the company's appeal was that the curative act of the General Assembly was conclusive of the validity of the assessment.

The judgment of the circuit court is defended upon the grounds (1) that the General Assembly could not by this act deprive the company of its right to a *de novo* hearing on its appeal; (2) that it was not the intention of the Legislature so to do; and (3) that the testimony shows that the assessment was, in fact, excessive and arbitrary, and the company was entitled to the relief granted even as against a legislative assessment.

We have in many cases decided that the General Assembly could in the first instance have made an assessment of the benefits in an improvement district, and it had the right, therefore, to do so at a later date, and the confirmation of the assessments was retroactive in effect and amounted to the making of the assessment by the General Assembly, and this is true, although the act of the Legislature so doing afforded no opportunity to the owners of property in the district to contest their assessments. This statement of the law is subject to the qualification, however, that the Legislature cannot, in the exercise of this power, make an assessment that is demonstrably arbitrary, unreasonable or confiscatory, and that, if this showing is made, relief will be granted by the courts, although the act making the assessment does not provide a forum in which the assessment may be attacked. But such assessments are not subject to review for mere errors in judgment upon questions of fact in the decision of which different conclusions might be drawn.

It is true that, at the time the curative act was passed, the railway company had appealed from the judgment of the county court, and this appeal was pending in the

circuit court, but this fact did not affect the right of the General Assembly to make the assessment. In the case of *Kansas City So. Ry. Co.* v. *Road Imp. Dist. No. 3 of Sevier County,* 156 Ark. 116, we said: "There is no reason shown why the statute is not applicable, for we have decided that, even during the pendency of litigation, a statute may be enacted ratifying and confirming assessments. *Sudberry* v. *Graves,* 83 Ark. 344; *Tims* v. *Mack,* 147 Ark. 112; *Gibson* v. *Spikes,* 143 Ark. 270; *Burr* v. *Drainage District,* 145 Ark. 55; *Payne* v. *Road District,* 149 Ark. 491."

It is next insisted that, even though the General Assembly had the right to validate and confirm the assessments pending the litigation, it did not do so. This argument is based upon a reading of §§ 3 and 5 of the special act. Section 3 provides that "the assessment of benefits heretofore made by the assessors of said district is hereby declared to be just, equal and proportionate, and the same is in all things confirmed, and declared to be the assessment of benefits for said district until a reassessment shall be ordered according to law." Section 5 of the special act reads: "It is hereby found and declared that the assessment of benefits heretofore made by the assessors and now on file with the county clerk are equitable and just, and they are hereby confirmed and made the assessment of benefits in the district until a new assessment may be made as provided by law."

It is pointed out that, at the time of the passage of this act, no property owner except the railway company was resisting the assessments and that the railroad's assessment had been reduced by the county court.

We do not think the action of the county court rendered the special act inapplicable to the company's assessment, for, even though the county court had held that the company's property would receive no benefit from the proposed improvement, that finding and judgment would not have precluded the Legislature from determining to the contrary. We so expressly held in

the case of *Payne* v. *Road Imp. Dist. No. 1 of Howard County,* 149 Ark. 491.

But we do not think there is any conflict between the finding of the county court and that of the General Assembly, and the assessment validated was the assessment approved by the county court. This was the assessment made by the assessors and filed with the county court, corrected, it is true, by the county court to show that the mileage assessed was excessive, but the assessment per mile was not corrected, and we think the special act validated the assessment of the assessors filed with the county clerk as corrected to remedy a demonstrable mistake, and the district had not appealed from the order of the county court.

It is argued on behalf of the district that the curative act, being valid and being applicable to the company's assessment, and therefore open to attack only upon an allegation of being demonstrably arbitrary and unreasonable, relief even on this ground could be obtained only in a suit brought to set it aside in equity.

On behalf of the company, it is argued that one of the assaults made on the assessment by the appeal of the company from the order of the county court is that its assessment was in fact demonstrably arbitrary, and that it had the right to attack the assessment on this ground, even though the assessment is treated as a legislative assessment, and its appeal did not therefore abate.

We do not regard it as essential to decide, under the facts of this case, whether the right of the company to attack its assessment upon the grounds stated should have been made in equity, and not elsewhere, or whether it had the right to prosecute its appeal from the judgment of the county court to have the question reviewed, as, in our opinion, a sufficient showing was not made to invalidate the assessment, even though the question had been raised in a suit brought in equity.

The burden was, of course, upon the company to show that its assessment was in fact arbitrary, and that

it attempted to do by showing that the assessment per mile in the appellee district was much greater than the corresponding assessment in various other districts in the different parts of the State through which portions of its line ran. The testimony does tend to show that the assessment of the company in appellee district is above the average in other districts; but we do not understand it to show that it is higher than in any other district. On the contrary, it does not appear to be as high as some assessments which have been permitted by us to stand as not being unreasonable and arbitrary. The testimony here shows, as it did in the case of *Kansas City So. Ry Co.* v. *Imp. Dist., supra,* that a great benefit will accrue to the railroad property from the construction of the improvement. It is not a case of a parallel road, but one which runs into territory which will afford access to the railroad property and augment its business. It was shown that the road, which has been completed, has diverted considerable business to Portia, a town on the company's road, which would otherwise have gone to a station on the line of a competitor railroad.

We think it fairly appears that the circuit court on the hearing of the appeal assumed that the special act did not apply to the company's assessment, and that its appeal was heard *de novo* as provided by the statute under which the district was organized; but this was error, for the reasons herein stated, and we think the testimony is insufficient to support the finding that the assessment of benefits against the company was so demonstrably erroneous and arbitrary as to invalidate the legislative assessment.

The judgment of the circuit court must therefore be reversed, and the cause will be remanded with directions to set aside the judgment rendered, and to enter a judgment approving the assessment against the company as made by the county court.